**Daniel M. Katzner (DK9689)**
**The Law Offices of Daniel M. Katzner, P.C.**
**1025 Longwood Avenue**
**Bronx, NY 10459**
**Tel.: (718) 589-3999; Fax: (718) 589-3958**
**danielkatzner@yahoo.com**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | HEARING DATE: **January 5, 2012** |
| **SOUTHERN DISTRICT OF NEW YORK** | HEARING TIME: **10:00 a.m.** |

-----------------------------------------------------------X
In re:

**AHAMAD AZIZ**  Case No. 10-16696 (SHL)

Debtor(s)

-----------------------------------------------------------X

### NOTICE OF APPLICATION OF THE LAW OFFICES OF DANIEL M. KATZNER, P.C., ATTORNEYS FOR THE DEBTOR, FOR AN ORDER AWARDING COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR <u>REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED</u>

**PLEASE TAKE NOTICE** that upon the annexed application of The Law Offices of Daniel M. Katzner, P.C., attorneys for the debtor, Ahamad Aziz (the "Debtor"), dated the 12th day of December, 2011, and upon all prior proceedings had herein, the undersigned will move this Court before the Honorable Sean H. Lane, United States Bankruptcy Judge, at the Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **January 5, 2012 at 10:00 a.m.** (the "Presentment Date"), or as soon thereafter as counsel can be heard, for an order awarding compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred in the amount of $4,688.00 and granting such other and further relief as this Court may deem just and proper (the "Application").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed Application must be made in writing, set forth the nature of the objector's interest in the estate,

state the reasons and legal basis for the objection and be served so as to be actually filed with the Clerk of the Bankruptcy Court for the Southern District of New York and served upon the undersigned at The Law Offices of Daniel M. Katzner, P.C., 1025 Longwood Avenue, Bronx, New York 10459, with a courtesy copy of the same to Judge Lane's chambers, no later than three days prior to the Presentment Date.

**PLEASE TAKE FURTHER NOTICE** that copies of the Application may be obtained from the Clerk, United States Bankruptcy Court, One Bowling Green, New York, New York 10004 or at the offices of The Law Offices of Daniel M. Katzner, P.C. at the address set forth below during normal business hours.

Dated: Bronx, New York
December 12, 2011

                                                  /s/ Daniel M. Katzner
                                                  Daniel M. Katzner, Esq. (DK9689)
                                                  Counsel for the Debtor
                                                  1025 Longwood Avenue
                                                  Bronx, NY 10459
                                                  Tel.: (718) 589-3999

**Daniel M. Katzner (DK9689)**
**The Law Offices of Daniel M. Katzner, P.C.**
**1025 Longwood Avenue**
**Bronx, NY 10459**
**Tel.: (718) 589-3999; Fax: (718) 589-3958**
**danielkatzner@yahoo.com**

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | HEARING DATE: **January 5, 2012** |
| **SOUTHERN DISTRICT OF NEW YORK** | HEARING TIME: **10:00 a.m.** |

---------------------------------------------------------X
In re:

**AHAMAD AZIZ**                                   Case No. 10-16696 (SHL)

                              Debtor(s)

---------------------------------------------------------X

## COVER SHEET FOR
## APPLICATION OF THE LAW OFFICES OF DANIEL M. KATZNER, P.C., ATTORNEYS FOR THE DEBTOR, FOR AN ORDER AWARDING COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR <u>REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED</u>

| | |
|---|---|
| Name of Applicant: | The Law Offices of Daniel M. Katzner, P.C. |
| Authorized to Provide Professional Services to: | Ahamad Aziz, Debtor |
| Date of Retention: | December 14, 2010 |
| Compensation Period: | February 23, 2011 through November 22, 2011 |
| Amount of Compensation sought as reasonable, actual and necessary: | $4,580.00 |
| Amount of Expense Reimbursement sought as reasonable, actual and necessary: | $108.00 |

This is a \_\_\_\_ monthly   \_\_\_\_ interim   __X__ final application.

The Law Offices of Daniel M. Katzner, P.C. expended no hours for fee application preparation during this compensation period.

| UNITED STATES BANKRUPTCY COURT | HEARING DATE: **January 5, 2012** |
|---|---|
| SOUTHERN DISTRICT OF NEW YORK | HEARING TIME: **10:00 a.m.** |

-----------------------------------------------------------X

In re:

**AHAMAD AZIZ**  Case No. 10-16696 (SHL)

Debtor(s)

-----------------------------------------------------------X

### APPLICATION OF THE LAW OFFICES OF DANIEL M. KATZNER, P.C., ATTORNEYS FOR THE DEBTOR, FOR AN ORDER AWARDING COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED

**TO:** **THE HONORABLE SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE:**

The Law Offices of Daniel M. Katzner, P.C. ("Katzner"), attorneys for the debtor, Ahamad Aziz (the "Debtor"), submits this application pursuant to Sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 and 2022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Amended General Order M-425 and the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "Guidelines"), for an order awarding compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred in the amount of $4,688.00, and granting such other and further relief as this Court may deem just and proper (the "Application").

In support of this Application, Katzner respectfully represents as follows:

### BACKGROUND

1. On December 18, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in this Court.

2. On February 23, 2011, the Debtor filed a motion with the Court seeking an order determining that the junior lien of Bank of America, N.A. ("Bank of America") on the Debtor's primary residence located at 1228 Noble Avenue, Bronx, New York (the "Premises") is void because it is wholly unsecured (the "Motion"). The Debtor had obtained an appraisal of the Premises on January 5, 2011 which valued the property at $350,000.00.

3. Schedule D of the Debtor's petition reflected that there were two outstanding mortgages encumbering the Premises. Wells Fargo Home Mortgage by America's Servicing Company filed a proof of claim showing a first mortgage lien on the Premises with a principal unpaid balance in the amount of $390,921.87.

4. Bank of America filed a proof of claim showing a second mortgage lien on the Premises with a principal unpaid balance in the amount of $168,338.19.

5. On March 29, 2011, Bank of America submitted an Affirmation in Opposition to the Debtor's Motion. This opposition was based upon an appraisal which valued the Premises at $420,000.00.

6. On July 27, 2011, an evidentiary hearing was held during which both appraisers testified as to the basis of their valuations of the Premises.

7. On September 16, 2011, the Debtor and Bank of America's counsel each submitted Briefs setting forth which of the appraisers' testimony provided a more accurate and reliable basis for valuing the Premises.

8. On November 30, 2011, the Court entered an Order finding that the value of the Premises is $375,000.00, which was less than the amount outstanding on the first mortgage. As a result, the junior lien of Bank of America on the Premises was held to be void and its Proof of

Claim was disallowed as a secured claim and allowed only as an unsecured claim in the amount of $168,338.19.

## APPLICATION

9. No prior application for an award of compensation for professional services rendered has been made and this is the final fee application that will be sought. Katzner seeks an award for attorney's fees as follows:

| APPLICANT | PERIOD | FEES | EXPENSES | TIME |
|---|---|---|---|---|
| Daniel M. Katzner, Esq., Attorney for the Debtor | 02/23/2011 to 11/22/2011 | $4,580.00 | $108.00 | 22.9 hours |

10. Katzner seeks allowance of compensation for professional services rendered to the Debtor during the period from February 23, 2011 to November 22, 2011 in the amount of $4,580.00 and for reimbursement of actual expenses incurred in connection with the rendition of such services in the amount of $108.00, for a total request of $4,688.00. It is respectfully submitted that the requested fee is reasonable and that the services performed were all necessary to the administration of the Debtor's estate.

11. On December 14, 2011, Katzner entered into a retainer agreement ("Retainer Agreement") with the Debtor, wherein he was paid $1,000.00, plus Court filing fees, for pre-petition services. There was an additional fee due to Katzner in the amount of $2,500.00 which was to be received from the Debtor's monthly Chapter 13 Plan Payments. These combined fees covered all the standard work necessary to represent the Debtor in this proceeding, including attending the Section 341(a) Meeting, the Confirmation Hearing, Loss Mitigation procedures and the filing of the Motion. The $4,580.00 sought in this Application is in addition to the above-referenced fees and are for services rendered in litigating the Motion pursuant to Paragraph 6 of

the Retainer Agreement. Annexed hereto and marked as Exhibit "A" is a true and correct copy of the Retainer Agreement.

12. The fees sought by this Application reflect an aggregate of 22.9 hours of attorney time spent in performing services for the Debtor at the rate of $200.00 per hour. Katzner's hourly rates are set at a level designed to fairly compensate Katzner for the work of its attorneys and are consistent with professional hourly rates charged elsewhere. Annexed hereto and marked as Exhibit "B" is a summary setting forth the name of each attorney assigned to the case, each attorney's year of bar admission, the aggregate time expended by each attorney and the hourly billing rate for each attorney. Exhibit "B" also contains a schedule of the total fees and expenses incurred under each internal Katzner billing subcategory.

13. All of the services for which compensation is sought were rendered by Daniel M. Katzner, Esq. solely on behalf of the Debtor in connection with his Chapter 13 case and not on behalf of any other person or entity. Katzner maintains computerized records of the time expended in the rendition of professional services to the Debtor. These records are maintained in the ordinary course of Katzner's practice. Annexed hereto and marked as Exhibit "C" is a schedule of said time records setting forth the dates on which services were rendered, a summary description of such services, the time spent each day delivering such services and the internal billing category for each of the services.

14. Katzner also seeks reimbursement for actual expenses ("Expenses") incurred in the rendition of services during the compensation period in the sum of $108.00. Katzner submits that such Expenses were reasonable and necessary in light of the services provided. Annexed hereto and marked as Exhibit "D" is an itemization of the expenses sought herein.

15. Katzner utilized the following procedures with respect to the Expenses incurred in rendering services:

   a. No amortization of the cost of any investment, equipment, or capital outlay is included in the Expenses and Katzner does not make a profit on any Expense. In addition, for those items or services that Katzner justifiably purchased or contracted for from a third party, Katzner seeks reimbursement only for the exact amount paid by Katzner to the third party vendor.

   b. Katzner has retained documentation for all Expenses in excess of $25.00 and the same are contained as part of Exhibit "D".

   c. Photocopying and telecopying by Katzner is not sought in this Application.

   d. Reimbursement for Expenses for overnight delivery and third party messenger services are not sought in this Application.

   e. Reimbursement for Expenses for automobile travel is not sought in this Application.

16. There is no agreement or understanding between Katzner and any other person for the sharing of compensation to be received for services rendered in this case.

17. In accordance with the U.S. Trustee's Guidelines, annexed hereto and marked as Exhibit "E" is a certification by Daniel M. Katzner, Esq. that the billing practices and this Application conforms with the requirements set forth therein.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

18. During the Fee Period, Katzner provided significant, substantial and exhaustive professional services to the Debtor in connection with this case.

19. Katzner is not seeking any fees or compensation for work generally performed in Chapter 13 proceedings or the time spent drafting and filing the Motion.

20. The Objection to the Motion filed by Bank of America necessitated finding and retaining another appraiser to value the Premises, attempting to negotiate a settlement of the dispute and preparation for the Evidentiary Hearing. In addition, Katzner had to spend significant time drafting the Brief in Support of the Motion which set forth, in detail, the reasons that the Motion should be granted based upon the testimony of the appraisers.

## CASE STATUS

21. Now that the second mortgage on the Premises has been held to be void, the Debtor is in the process of attempting to negotiate a loan modification on his first mortgage pursuant to this Court's Loss Mitigation Procedures. The Debtor has provided all required documents to the Chapter 13 Trustee and is current with his plan payments. As soon as the Loss Mitigation procedures are completed, it is anticipated this case will be ready to proceed to confirmation.

## JURISDICTION

22. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2). Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

23. The basis for the relief requested herein are Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and the U.S. Trustee's Guidelines.

## CONCLUSION

24. For all of the foregoing reasons, Katzner believes that the fees requested in this Application are reasonable and reflect the value of the services provided to the Debtor's estate. Moreover, Katzner has requested reimbursement only of actual and necessary expenses. Annexed hereto and marked as Exhibit "F" is a copy of the proposed Order approving the Application.

**WHEREFORE**, Katzner respectfully requests that the Court enter an order awarding compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred in the amount of $4,688.00 and granting such other and further relief as this Court may deem just and proper.

Dated: Bronx, New York
       December 12, 2011

                                              /s/ Daniel M. Katzner
                                              Daniel M. Katzner, Esq. (DK9689)
                                              Attorney for the Debtor
                                              1025 Longwood Avenue
                                              Bronx, NY 10459
                                              Tel.: (718) 589-3999